UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

C.F. FOLKS, LTD.,

    *Plaintiff*,

v.

MCP II JEFFERSON, LLC,

    *Defendant*.

Civil Action No. 1:19-cv-01024 (CJN)

## MEMORANDUM OPINION

Plaintiff C.F. Folks, Ltd. filed this civil action against MCP II Jefferson, LLC in the Superior Court of the District of Columbia, alleging various non-federal causes of action. *See generally* Compl., ECF No. 1-2 at 4–17. MCP removed the case to this Court. *See* Not. of Removal, ECF No. 1. Pending are MCP's Motion to Dismiss, ECF No. 8, and C.F. Folks's Motion to Remand, ECF No. 13. For the reasons that follow, the Court will grant C.F. Folks's Motion and remand the case to Superior Court. Because the Court disposes of the case on jurisdictional grounds, it declines to reach the merits of MCP's Motion to Dismiss.

This case arises out of a landlord-tenant dispute. The tenant, C.F. Folks, operated a Washington, D.C. restaurant for several decades. Compl. ¶¶ 4, 8. It briefly experimented with offering both breakfast and lunch service, but it quickly abandoned breakfast and served only lunch for more than thirty years. *Id.* ¶¶ 1, 8. To make up for sagging profit margins over the last few years, it made some plans to expand its business, including restoring its breakfast service, obtaining a liquor license, and trying its hand at dinner and late-night operations. *Id.* ¶ 42.

But it ran into at least one problem: the only internal restroom available for patrons was located on the restaurant's basement level and could only be accessed by going down a narrow

1

stairway. *Id.* ¶ 13. Because the restroom was inaccessible to persons with disabilities, C.F. Folks directed most patrons to a common restroom located outside the restaurant elsewhere in the building. *Id.* ¶ 14. That arrangement sufficed for some time but was a frequent source of tension between the restaurant and the previous landlord. *Id.* ¶ 15. The Parties failed to reach an agreement on the matter over the course of several amendments to the lease and eventually went to court in 2007. *Id.* ¶ 27–30. They settled that litigation and memorialized C.F. Folks's right to access the common restroom in the settlement agreement. *Id.*

But the agreement said nothing about the time of day during which the restaurant's patrons could use the common restroom. *Id.* ¶ 31. C.F. Folks proposed several times expanding to a dinner service (which included the prospect of serving alcohol to diners late in the evening on weekends), and each time the landlord refused to permit customers access to the building and its common restroom after hours unless the restaurant took affirmative measures to ensure the building's security, including escorting patrons to the restroom and hiring a part-time security guard. *Id.* ¶¶ 39–50. Those solutions proved cost-prohibitive, so the Parties again turned to litigation, which was filed in May 2017 in Superior Court and removed shortly thereafter. *Id.* ¶ 51. Judge Chutkan eventually dismissed that suit for lack of Article III standing because C.F. Folks had not yet taken concrete steps to expand its service and there was not yet any harm that the Court could redress. *See generally C.F. Folks, Ltd. v. DC Jefferson Bldg., LLC*, 308 F. Supp. 3d 145 (D.D.C. 2018).

After its efforts to compel the landlord to cooperate with its expansion plans failed, C.F. Folks closed. Compl. ¶ 63. C.F. Folks then filed this suit in the Superior Court of the District of Columbia, arguing that it had now experienced concrete injury and had standing to sue. *See generally id.* Defendant MCP (successor in interest to the previous landlord) promptly removed

and moved to dismiss. MCP argues (1) that the statute of limitations has run on the restaurant's claims and (2) that the Complaint fails to state a claim for relief. Def.'s Mem. in Support of Mot. to Dismiss at 9–19, ECF No. 8-1. MCP argues in part that C.F. Folks has failed to allege cognizable damages or that MCP caused such damages. *Id.* at 18–19.

C.F. Folks responded by moving to remand, based on a novel argument. The restaurant characterizes MCP's arguments on damages as an assertion that C.F. Folks lacks standing to sue. *See* Pl.'s Mot. to Remand at 5–8. C.F. Folks contends that if the Court finds that the Complaint does not adequately plead damages, then C.F. Folks would lack Article III standing to bring its claims. *Id.* Such a holding, C.F. Folks argues, would deprive the Court of subject-matter jurisdiction and require a remand to Superior Court. *See id.* (citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018)).

While considering the restaurant's motion to remand, the Court made the Parties aware of an apparent, separate jurisdictional defect. MCP removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Not. of Removal at 1. MCP asserted that (1) C.F. Folks "is a District of Columbia limited liability company," *id.* ¶ 4; (2) "Defendant, while registered to do business in the District of Columbia, is a Delaware limited liability company registered with its principal place of business in Boston, Massachusetts," *id.* ¶ 5; and (3) "[t]he amount in controversy exceeds the sum of $75,000, exclusive of costs and interest," *id.* ¶ 6.

Those allegations were insufficient to establish the Court's subject-matter jurisdiction, including (though not only) because limited liability companies (LLCs) are citizens of all states of which their members are citizens. *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). As a result, the Court directed MCP to file supplemental briefing alleging particularized jurisdictional facts about the citizenship of the Parties. ECF No. 18. (citing *Doe ex*

3

*rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996)). MCP's response, ECF No. 19, "raised more questions than it answered," *Laroach v. BridgePoint Healthcare, LLC*, No. 1:18-cv-1096, 2018 WL 6434768, at *2 (D.D.C. Dec. 7, 2018), so the Court ordered a second round of briefing. ECF No. 20. MCP timely filed another supplemental brief, ECF No. 22, and C.F. Folks responded, ECF No. 23. This time, MCP included over 200 pages of affidavits, shareholder lists, and LLC formation documents attempting to demonstrate that none of its parent companies or their trustees, shareholders, or members were D.C. citizens so as to destroy complete diversity.[1]

Even after sifting through those papers, the Court still cannot determine whether it has subject-matter jurisdiction, and MCP has certainly not established that the Court has jurisdiction.

MCP originally alleged that C.F. Folks is a D.C. LLC. Not. of Removal ¶ 4. But upon further investigation, it now believes that C.F. Folks is a D.C. corporation with its principal place of business in D.C. ECF No. 22, Ex. A. The Court will therefore assume that C.F. Folks is a citizen of the District of Columbia under 28 U.S.C. § 1441(c).

MCP, however, is an LLC. Not. of Removal ¶ 5. As noted above, LLCs are citizens of all states of which their members are citizens. *CostCommand,* 820 F.3d at 21. MCP's sole member happens to be another LLC, the sole member of which is a Maryland real estate investment trust ("REIT"). A Maryland REIT is a citizen of all states of which its trustees *and* its shareholders are citizens. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). This particular REIT has (A) trustees who are all Massachusetts citizens and (B) shareholders who own two classes of stock, one type of which is wholly owned by a limited

---

[1] Defendant moved to file that information under seal to protect the personal information of its investors, ECF No. 21. Plaintiff did not object to sealing the filing. The Court therefore describes Defendant's corporate structure only in generic terms to protect proprietary information and omits citations to sealed documents.

partnership. The general partner of that partnership is an LLC, and that LLC's two members are a Massachusetts corporation and yet another LLC.

In turn, that LLC—which is five ownership steps removed from MCP—has several dozen members, including individual investors, pension funds, major universities, and other institutional investors. But among that group, the Court counts at least sixteen trusts and ten LLCs. On top of that, the other class of the Maryland REIT's shareholders is comprised of 125 individuals, among whom number at least nine trusts.

The Court therefore faces a situation in which, to determine whether diversity exists between a tenant and its landlord at odds over the use of a restroom, it must investigate the membership of more than a half dozen layers of unincorporated associations and their members, partners, trustees, and shareholders. But that inquiry has simply yielded more unincorporated associations. While each has a mailing address somewhere other than the District of Columbia, it is nearly impossible to determine where the inquiry ends. So far, it appears that for diversity purposes MCP is a citizen of at least Massachusetts, Delaware, Maryland, Ohio, Tennessee, Pennsylvania, New York, Connecticut, New Hampshire, North Carolina, Florida, Illinois, Colorado, Rhode Island, New Jersey, and Oklahoma. Every LLC yields yet another LLC as its member; every trust yields yet another trustee or beneficiary, and they themselves turn out to be more trusts and LLCs.

"[T]he party asserting federal jurisdiction . . . has the burden of establishing it," and the Court presumes that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v Geary*, 501 U.S. 312, 316 (1991)). Although the record here is voluminous, MCP has not established that the Court has subject-matter jurisdiction.

As this case demonstrates, there may be good reasons to modify how unincorporated associations are treated for diversity purposes. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111–13 (3d Cir. 2015) (Ambro, J., concurring) (urging the Supreme Court to modify the rule). But Congress has not taken the same affirmative steps with LLCs that it took when limiting the citizenship considerations for corporations, *see* 28 U.S.C. § 1332(c)(1) (deeming "a corporation . . . to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). And the Supreme Court considered whether LLCs should be treated like corporations for diversity purposes, and expressly left that question "to the people's elected representatives." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990). Until either Congress or the Supreme Court modifies the rule, this Court is bound to apply it faithfully.

For these reasons, Defendant MCP has not demonstrated that the Court has subject-matter jurisdiction. The case is accordingly **REMANDED** to the Superior Court of the District of Columbia. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: December 2, 2019

CARL J. NICHOLS
United States District Judge